FILED
2018 Nov-02 PM 03:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **STEVEN W. CLARK,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: _____ |
| **WINSTON TRANS INC.** and **CLYDE SAVAGE**, | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Steven W. Clark, and files this complaint against Defendants Winston Trans Inc. and Clyde Savage. Respectfully, Plaintiff Steven W. Clark shows the court as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Steven W. Clark (Plaintiff Clark) is a resident of the State of Oklahoma and is subject to the jurisdiction of this Court.

2. Defendant Winston Trans Inc. (Defendant Winston) is an Alabama domestic corporation licensed and bonded to conduct commercial trucking business in Alabama and other sister states in the United States. Defendant Winston's principal place of business is located at 1350 11th Avenue, Haleyville, Alabama 35565. Defendant Winston was at all relevant times a motor carrier as defined by the Federal Motor Carrier Safety Regulations (hereinafter F.M.C.S.R.) and was engaged in interstate commerce. As such, Defendant Winston was/is subject to the F.M.C.S.R.

3. Defendant Clyde Savage (Defendant Savage) was/is a commercial driver, agent, servant, and/or employee of Defendant Winston at all times giving rise to the present action and is

a resident of the State of Alabama.  Defendant Savage was the commercial driver whose wrongful actions combined with Defendant Winston to cause permanent injuries to Plaintiff Clark.

4. Jurisdiction is proper in this Court.  Plaintiff maintains this Court has both specific and general jurisdiction of Defendants.  Defendant Winston's place of business is in Alabama and it commences all operations out of the State of Alabama.  Defendant Winston's contacts with Alabama are sufficient to make it "at home" in the State of Alabama.  Furthermore, all operative facts surrounding the negligent hiring and negligent training of Defendant Savage occurred in the State of Alabama.

5. Complete diversity of citizenship exists between the parties to this action, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, conferring diversity jurisdiction to this Court pursuant to 28 U.S.C. 1332.

**FACTS**

6. On January 9, 2018, at approximately 4:30 a.m., Defendant Savage was driving a loaded 18-wheeler tractor trailer rig as an employee/agent/servant of Defendant Winston and was traveling north on 74th Street West in or near Muskogee, Oklahoma.

7. The collision occurred on State Highway 16 west of Muskogee, Oklahoma at the intersection of Highway 16 and 74th Street West.

8. Defendant Savage entered the intersection of Highway 16 attempting to turn left onto Highway 16.

9. Defendant Savage was unfamiliar with this intersection.

10. Defendant Savage, while in the line and scope of his employment and/or agency of Winston Trans Inc., wrongfully stopped and/or drove his tractor-trailer so slowly on Highway 16 as to effectively prevent vehicles from traveling safely upon said highway.  In other words, it

completely blocked the highway. The trailer did not have sufficient lighting along the trailer and/or the trailer lighting was not exposed to provide oncoming traffic notice that the Defendants' tractor trailer was completely blocking the roadway.

11. On the same day at approximately 4:30 a.m., Plaintiff Clark was driving his pickup truck west on Highway 16, and then violently collided with the passenger side of Defendant Savage's trailer and/or other multiple vehicles, as three (3) other private vehicles had already struck the trailer.

12. At all times giving rise to this wreck, it was dark and foggy.

13. Tellingly, Defendant Savage called 911 at approximately 4:35 a.m. In the call, Defendant Savage stated: "It's real foggy, and the people can't see, and they've run into my truck….They can't see us in the road right here….None of these cars are gonna…they ain't gonna be able to see us. I had three cars already hit my truck. Now they're going to hit.…The others are still coming. They can't see me…. It's blind….You can't even see…. No, you can't see….He didn't see me.…"

14. Plaintiff Clark sustained significant personal injuries and economic losses as a result of this collision.

## COUNT 1
## NEGLIGENCE/WANTONNESS

15. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

16. Defendant Savage was negligent and/or wanton in the operation of his truck as enumerated above.

17. Defendant Savage was negligent and/or wanton in the operation of its truck by operating his vehicle in hazardous conditions in violation of the provision of the F.M.C.S.R. 49

3

CFR 383, 383.110, 383.111, 383.113 and 391.  In addition, Defendant was in violation of several provisions of the Alabama Commercial Driver License Manual, and the trailer attached to his truck was not equipped with safe and/or proper lighting devices.

18. Furthermore, Defendant Winston was careless, negligent, wanton and/or reckless in the ownership of its motor vehicle, which caused Plaintiff to suffer personal injuries.

19. Defendants' negligence and wantonness combined to proximately cause the wreck and injuries suffered by Plaintiff.

## COUNT 2
## NEGLIGENCE and/or WANTONNESS *PER SE*

20. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

21. Defendant Savage was under a duty to follow the F.M.C.S.R.  Defendants' above described actions violated the following provisions of the F.M.C.S.R.: 49 CFR 383, 383.110, 383.111, 383.113 and 391.

22. Furthermore, Defendant Savage as an Alabama commercial licensed driver had a duty to obey the Alabama Commercial Driver License Manual.  His above described actions violated sections 2.52 and 2.12 of said Manual.

23. Defendant Savage's actions constitute negligence and/or wantonness *per se* due to his violations of both the F.M.C.S.R. and Alabama Commercial Driver License Manual statutes, both of which are intended to protect persons such as Plaintiff from bodily injury or death.

## COUNT 3
## NEGLIGENT/WANTONN HIRING, TRAINING & SUPERVISION

24. Plaintiff incorporates by reference all preceding paragraphs of the Complaint as if fully set forth herein.

25. Defendant Winston's employee/agent, Defendant Savage, did not meet the required level of driver fitness, pursuant to F.M.C.S.R. 49 CFR 383.110, 383.111 and 383.113.

26. Defendant Winston was negligent and/or wanton in failing to properly train Defendant Savage.

27. Defendant Winston was negligent and/or wanton in failing to properly supervise Defendant Savage.

28. Defendant Winston's negligence and/or wanton in hiring Defendant Savage and entrusting him with driving a commercial vehicle and failing to train and supervise him properly is a direct, substantial and proximate cause of this collision and the injuries suffered by Plaintiff Clark.

## DEMAND FOR JURY TRIAL
## And
## AWARD FOR DAMAGES

Wherefore, Plaintiff Steven W. Clark hereby demands trial by jury on all issues and judgment against Defendants as follows:

a. That Plaintiff Clark recovers for past and future medical expenses and lost wages in an amount to be proven at trial;

b. That Plaintiff Clark recovers for permanent injuries and disfigurement to his body;

c. That Plaintiff Clark recovers for past and future mental anguish and physical pain and suffering in an amount to be determined by a jury;

d. That Plaintiff Clark recovers a judgment against Defendants for compensatory, punitive and/or exemplary damages; and

e. That Plaintiff Clark recover such other and further relief as is just and proper, including attorney fees, costs, and interest allowed by law.

RESPECTFULLY submitted this 2nd day of November, 2018.

/s/ Michael G. Strickland
**MICHAEL G. STRICKLAND (ASB-3871-S63M)**
Attorney for Plaintiff
Strickland & Kendall, LLC
2740 Zelda Rd., Suite 500 (36106)
P.O. Box 99
Montgomery, AL 36101-0099
(334) 269-3230
(334) 269-3239 fax
mgs@jurytrial.us

David Rustin Smith *(to be admitted Pro hac vice)*
(OBA#19575)
Rusty Smith Law Group, PLLC
P.O. Box 767
928 North York, Ste. 20
Muskogee, OK 74402-0767
(918) 912-2000
(918) 912-2122 fax
rsmith@rustysmithlawgroup.com

**Service to:**
Winston Trans Inc.
Reg. Agt. Danya B. Witt
697 Lake Shore Dr.
Haleyville, Alabama 35565

Clyde Ernest Savage, Jr.
919 Otinger Road
Horton, Alabama 35980